IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH L. BALDWIN, as guardian of C.L.D., a minor, K.K.D., a minor, and C.M.D., a minor | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 09-1220 ) |
| UNIVERSITY OF PITTSBURGH MEDICAL CENTER (UPMC) AND LIFE INSURANCE COMPANY OF NORTH AMERICA (LINA), | ) ) ) ) ) |
| Defendants. | ) ) |

MEMORANDUM OPINION

CONTI, District Judge.

Pending before the court are two motions to dismiss filed separately by defendant University of Pittsburgh Medical Center ("UPMC") (Docket No. 10) and defendant Life Insurance Company of North America ("LINA," together with UPMC "defendants") (Docket No. 12). Defendants assert that the complaint (Docket No. 2) filed by Deborah L. Baldwin ("plaintiff" or "Baldwin") on behalf of her adopted children C.L.D, K.K.D, and C.M.D. (collectively the "minors") should be dismissed in its entirety due to plaintiff's lack of standing. Plaintiff is seeking declaratory relief, recovery of benefits denied, an award of prejudgment interest, reasonable counsel fees, and an award of penalties pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq. Plaintiff contends on behalf of the minors that she is entitled to $325,000 in benefits under the supplemental life and accidental death and dismemberment policies of Victoria G. Trent ("decedent" or "Trent"), the minors' biological mother. Defendants argue that due to plaintiff's lack of standing this court does not

have subject-matter jurisdiction over this case and their motions should be granted pursuant to Federal Rule of Civil Procedure 12(b)(1).

The court considered the parties' submissions and oral arguments on February 8, 2010. For the reasons set forth below and on the record, the court will grant the motions filed by defendants. The court concludes that plaintiff on behalf of the minors does not have standing to bring claims against defendants under ERISA because the minors do not qualify as children of the decedent. As a result, this court lacks subject-matter jurisdiction to hear plaintiff's claims and the case will be dismissed with prejudice.

## *Background*[1]

On June 6, 2003, Baldwin legally adopted the minors from Trent. (Compl. Ex. A at 3) (Docket No. 2-1.) New birth certificates were issued for the minors which removed Trent as the mother from those certificates. (Id.) On December 23, 2008, Trent, who was an employee of UPMC, died of an accidental death at the age of thirty-four. (Compl. ¶¶ 4, 21.) (Docket No. 2.) At the time of her death, Trent held four insurance policies administered by defendants: (1) a basic life insurance policy ("Basic Life") in the amount of $25,000.00; (2) a basic accidental death and dismemberment insurance policy ("Basic AD&D") in the amount of $25,000.00; (3) a supplemental life insurance policy ("Supp. Life") in the amount of $100,000.00; and (4) a supplemental accidental death and dismemberment insurance policy ("Supp. AD&D") in the amount of $200,000.00. (Id. ¶¶ 23-28.) Prior to her death, Trent designated Baldwin as the sole beneficiary of her Basic Life policy. (Id. ¶ 23.) No beneficiary was designated by Trent for the other policies. (Id. ¶ 44.)

---

[1] The parties do not dispute the relevant facts which are described in this portion of the opinion.

After Trent's death, Baldwin sought payment on behalf of herself as the named beneficiary on the Basic Life policy and sought payment on behalf of the minors on the other policies for which no beneficiary was named. (Id. ¶ 36.) Defendants paid plaintiff $25,000 pursuant to decedent's Basic Life policy and denied plaintiff's claim to benefits under decedent's Basic AD&D, Supp. Life, and Supp. AD&D policies. (Id. ¶¶ 23, 37.) After the initial denial of payment, the matter was referred under the terms of the policies at issue to LINA's appeal unit for further review. (Id. Compl. ¶ 38.) By letter dated May 15, 2009, the decision to deny plaintiff payment on decedent's Basic AD&D, Supp. Life, and Supp. AD&D policies was upheld on the basis that plaintiff and the minors were not named beneficiaries of the insurance policies at issue and the minors were not the "children" of Trent due to their legal adoption by Baldwin prior to decedent's death. (Id. ¶ 39.) Under those circumstances, defendants denied payment because the minors were ineligible to receive benefits under the relevant provisions of the policies which dictate the disbursement of benefits in the event that a policy participant dies without designating a beneficiary. (Id. ¶¶ 37, 39.)

On September 8, 2009, plaintiff filed a two-count complaint against UPMC, Cigna Group Insurance ("CIGNA"), and LINA. (Id. ¶¶ 1-62.) At count I, plaintiff alleges that UPMC, CIGNA, and LINA breached their fiduciary duties under ERISA, 29 U.S.C. § 1104(a)(1)(A), by failing to act for the exclusive purpose of providing benefits to participants when they denied the benefits of Trent's insurance policies to plaintiff on behalf of the minors. (Id. ¶¶ 55-59.) In addition, plaintiff contends that UPMC, CIGNA, and LINA violated ERISA, U.S.C. § 1104(a)(1)(B), by failing to act with the care, skill and diligence required of them due to their mismanagement and poor insurance policy enrollment process. (Id. ¶¶ 57.) At count II, plaintiff alleges that defendants improperly denied plaintiff payment by arbitrarily and

capriciously refusing to disburse decedent's plan benefits pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B), and its supporting regulations. (Id. ¶¶ 60-62.) Plaintiff argues that decedent's insurance policies are contracts and, under Pennsylvania law, a decedent's intent should govern when determining policy beneficiaries. (Id. ¶ 40.) In a stipulation agreed upon by plaintiff and LINA, CIGNA was removed from the complaint and the case caption on November 13, 2009. (Docket No. 6).

### *Standard of Review*

The burden of establishing jurisdiction in the district court lies with the party seeking to invoke the court's jurisdiction. KVOS, Inc. v. Associated Press, 299 U.S. 269, 278 (1936); see Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). If a Rule 12(b)(1) motion challenges the court's subject-matter jurisdiction based on the sufficiency of the pleading's allegations, i.e., the movant presents a "facial" attack on the pleading, then those allegations are taken as true and construed in a light most favorable to the complainant. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (case dismissed upon facial attack on complaint, without consideration of extrinsic evidence); Cedars-Sinai Med. Center v. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1993); 2A JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.07[2.-1], at 12-51 to 52 (1993).

If the Rule 12(b)(1) motion denies or controverts the pleader's allegations of jurisdiction, however, the movant is deemed to be challenging the factual basis for the court's subject-matter jurisdiction. See Watkins, 11 F.3d at 1583-84 (citing Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1558-59 (9th cir. 1987)); 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1363, at 456-57 (1990). In such a case, the allegations in

the complaint are not controlling, KVOS, 299 U.S. at 277-79; Trentacosta, 813 F.2d at 1559; Thornhill Publishing Co. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); 5A WRIGHT & MILLER, supra, § 1363, at 457-58, and only uncontroverted factual allegations are accepted as true for purposes of the motion. See Gibbs v. Buck, 307 U.S. 66, 72 (1939); Watkins, 11 F.3d at 1583-84; 5A WRIGHT & MILLER, supra, §§ 1350, 1363, at 219-20, 457.  All facts underlying the controverted jurisdictional allegations are in dispute and are subject to fact finding by the district court. Watkins, 11 F.3d at 1583-84; 2A MOORE ET AL., supra, ¶ 12.07 [2.-1], at 12-52; see generally Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990) (drawing distinction between facial and factual challenges to the court's subject-matter jurisdiction); Mortensen v. First Fed. Savs. &Loan Ass'n, 549 F.2d 884, 891-92 (3d Cir. 1977). In establishing the predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings, including affidavits and deposition testimony. Land v. Dollar, 330 U.S. 731, 735 n.4 (1947); Watkins, 11 F.3d at 1584; St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989) (court properly considered materials outside pleadings to determine whether plaintiff's claim was ripe), cert. denied, 493 U.S. 993 (1989); Reynolds, 846 F.2d at 747; Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879, 883-84, cert. denied, 479 U.S. 820 (1986).

  Defendants' motions at issue challenge the court's subject-matter jurisdiction based upon the sufficiency of the complaint's allegations and the exhibits attached to the complaint, presenting a "facial" attack on the complaint.  The allegations of the complaint are taken as true and construed in a light most favorable to plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (case dismissed upon facial attack on complaint, without consideration of extrinsic evidence).

*Analysis*

Defendants move to dismiss plaintiff's ERISA claims for lack of standing under Federal Rule of Civil Procedure 12(b)(1).  Whether plaintiff on behalf of the minors has standing to pursue her claims under 29 U.S.C. § 1132 is a threshold jurisdictional question that must be dealt with before the merits of the case are considered.  Miller v. Rite Aid Corp., 334 F.3d 335, 341 n.2 (3d Cir. 2003).  The parties concede that this case does not present an issue of traditional Article III standing, U.S. CONST. art. III, § 2 ("Case" and "Controversies"); rather, the court's task in this matter is to determine whether plaintiff satisfies the prudential standing requirements of ERISA.  The relevant statutory provisions are:

> (**a**) A civil action may be brought –
> (**1**) by a participant or beneficiary –
>     ….
> (**B**) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>     ….
> (**3**) by a participant, beneficiary, or a fiduciary (A) to enjoin any action or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . .

29 U.S.C. § 1132(a)(1)(B); 29 U.S.C. § 1132(a)(3).

The Court of Appeals for the Third Circuit has found that 29 U.S.C. § 1132(a)(1) "provide[s] standing for a civil action only to a 'participant or beneficiary.'"  Miller, 334 F.3d at 341.  Since Baldwin does not assert fiduciary status under 29 U.S.C. § 1132(a)(3), she must demonstrate that she is either a "participant" or "beneficiary" to survive defendants' Rule 12(b)(1) motions to dismiss.  Baldwin argues that she on behalf of the minors is entitled to equitable, monetary and other relief as a "beneficiary" of decedent's Basic AD&D, Supp. Life,

and Supp. AD&D policies.  ERISA defines the term "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).  Both plaintiff and defendants acknowledge that Ms. Trent did not designate a beneficiary in her Basic AD&D, Supp. Life, and Supp. AD&D policies.  Thus, the court's focus in this matter concerns whether Baldwin on behalf of the minors is a person under the employee benefit plan who is or may become entitled to a benefit.

In <u>Firestone Tire and Rubber Co. v. Bruch</u>, 489 U.S. 101 (1989), the United States Supreme Court found the language "is or may become entitled to a benefit" to mean that "a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." <u>Id.</u> at 117-18.  Although the holding in <u>Firestone</u> applied exclusively to the definition of "participant" under 29 U.S.C. § 1002(7), the Court of Appeals for the Third Circuit has applied this analysis to similar language found in ERISA's definition of "beneficiary" under 29 U.S.C. § 1002(8).  See <u>Leuthner v. Blue Cross & Blue Shield of N.E. Pa.</u>, 454 F.3d 120, 124 (3d Cir. 2000) (holding to bring a civil action under 29 U.S.C. § 1002(8), a plaintiff must have a colorable claim to plan benefits as the result of his or her suit).

Trent did not name a beneficiary to the policies at issue and plaintiff does not assert that the minors or she are named beneficiaries.  This court concludes that plaintiff's "assertion of beneficiary status rests upon the language and terms contained in the Plan[s]." <u>Coleman v. Champion Int'l Corp</u>. 992 F.2d 530, 533 (5th Cir. 1993); see <u>Sladek v. Bell Sys. Mgmt. Pension Plan</u>, 880 F.2d 972, 974 (7th Cir. 1989) (holding that if a ERISA plan participant fails to name a beneficiary, the designation is made according to the terms of the plan).  The insurance policies in issue provide in relevant part:

7

> If there is no named beneficiary or surviving beneficiary, or if the Employee dies while benefits are payable to him, We may make direct payment to the first surviving class of the following classes of persons:
> 1) spouse;
> 2) child or children;
> 3) mother or father;
> 4) sisters or brothers;
> 5) Estate of the Covered Person.

(Compl. Ex. A at 1-2); see (LINA's Br. Ex. 1 at 43 (Docket No. 11-1)); see also (LINA's Br. Ex. 2 at 82 (Docket No. 11-2))(the "default provisions").

At this point, it is clear that Baldwin is not a member of any of those classes. The issue to be determined here is whether the minors qualify as "children" of Ms. Trent under the policies and could be members of the class of persons identified as "child or children." Plaintiff argues that Pennsylvania contract law should govern the policies at issue and that decedent's intent should be considered in determining beneficiary status. Plaintiff relies upon Hull Estate, 13 Pa. D. & C.2d 17 (Orphans' Ct., Lancaster County 1957) (citing Entwistle v. Travelers' Ins. Co., 202 Pa. 141 (1902)); Garland v. Craven, 41 A.2d 140 (Pa. Super. Ct. 1945). These decisions, however, are not applicable to this case. Unlike the case at hand, in Hull Estate and Garland the insured clearly designated a beneficiary to the insurance policy at issue before her or his death. There was no need for the court to consult the default provisions of the insurance policy because a beneficiary was designated, and the court's sole task was clarifying latent ambiguities left by the beneficiary designation. It was appropriate for the court to determine the insured's intent when interpreting the ambiguous beneficiary designations.

In Hull Estate, a 1934 life insurance policy issued to Nettie G. Hull ("Nettie") provided for a gift over to the beneficiary's "lawful children" in the event that the designated beneficiary, her son Ralph B. Hull, Jr., died without reaching the age of fifty. Id at 21-2. Ralph B. Hull Jr. died before attaining the age of fifty and was survived by a son, William T. Hull, who was

adopted nearly ten years after Nettie's death. Id. at 19. The court was presented with the issue whether an adopted child is the lawful child of the adopting parent for inheritance purposes. The court examined the surrounding circumstances and Nettie's intent with respect to her use of the term "lawful children" and concluded that the language referred only to immediate offspring or descendants. Id. at 28. Thus, the court held that Nettie intended only immediate offspring or descendants to collect her life insurance benefits and excluded William T. Hull from collecting benefits. Id. at 29.

In Garland, Albert E. Craven designated "Sarah E. Craven, wife" as the beneficiary of his employee group life insurance policy. Id. at 141. At the time of his death, Albert E. Craven was unmarried and there was no person named "Sarah E. Craven" in existence. Id. at 141. In making its decision, the court looked to the surrounding circumstances as well as the insured's intent and determined that the designation "Sarah E. Craven" referred to Albert E. Craven's live-in girlfriend, Sarah E. Garland. Id. at 142. Sarah E. Garland was married to another individual and Craven was planning to marry her when she obtained a divorce from her husband. Id.

Under ERISA, relevant plan language is interpreted pursuant to federal common law. See e.g., Koenig v. Automatic Data Processing, 156 F. App'x 461, 467 (3d Cir. 2005); see also Erbe v. Billeter, No. 06-113, 2007 WL 2905890, at *9 (W.D. Pa. Sept. 28, 2007) ("federal common law principles have been employed to enforce oral and written settlement agreements that have been negotiated in litigation pending in the federal courts, including cases involving settlement of claims brought under ERISA"). Where, however, there "is no established federal common law on a given issue, the Court may consult state law as a guide to fashioning a rule that is consistent with the policies underlying the federal statute in question." Id. at 467; see Heasley v. Belden & Blake Corp., 2 F.3d 1249, 1257 n.8 (3d Cir. 1993) (Firestone authorizes the federal

courts to develop federal common law to fill gaps left by ERISA). No decision was cited by the parties that address the issue here – what persons are included in the term "child or children" under ERISA federal common law.

With respect to this issue, the court finds La Bove v. Metropolitan Life Insurance Co., 264 F.2d 233 (3d Cir. 1959), instructive. In La Bove, Harry La Bove ("Harry"), a federal employee whose life insurance policy was governed by the Federal Employees' Group Life Insurance Act of 1954, died without designating a beneficiary. He had a biological daughter who was adopted with his consent by his divorced wife's husband prior to Harry's death. Id. at 234-35. The court had to decide, in the situation where no beneficiary is designated, "who is entitled to the proceeds of a federal employees' group life insurance policy." Id. at 234. The Court of Appeals for the Third Circuit concluded that the adoption of Harry's biological daughter by his divorced wife's husband precluded his biological daughter from collecting his life insurance benefits. Id. at 235. In reaching its decision, the court relied upon the New Jersey adoption statute, N.J. REV. STAT § 9:30-30, which barred a natural born child later adopted from inheriting from his or her natural parent through intestacy. Id. at 235.

The most analogous Pennsylvania state law is the Pennsylvania Intestate Succession Law, 20 PA. CONS. STAT. ANN. §§ 2103, 2108. That statute will be instrumental to the court in determining the meaning of the term "child or children" in decedent's Basic AD&D, Supp. Life, and Supp. AD&D policies and would fill the common law gap in this case. In Pennsylvania, in the event a decedent dies without a will:

> The share of the estate, if any, to which the surviving spouse is not entitled, and the entire estate if there is no surviving spouse, shall pass in the following order:
> (1) Issue;
> (2) Parents;
> (3) Brothers, sisters, or their issue;
> (4) Grandparents;

>   (5) Uncles, aunts and their children, and grandchildren;
>   (6) Commonwealth . . . .

Id. §2103.

With respect to who is included in the term "issue," the Pennsylvania Intestate Succession Law, 20 PA. CONS. STAT. ANN. § 2108, provides:

> For the purposes of inheritance by, from and through an adopted person he shall be considered the issue of his adopting parent or parents. <u>An adopted person shall not be considered as continuing to be the child or issue of his natural parents</u> except in distributing the estate of a natural kin, other than the natural parent, who has maintained a family relationship with the adopted person . . . .

Id. (emphasis added). The adoption of a child in Pennsylvania "severs the child from its natural family tree and engrafts it upon that of its new parentage. Thereafter the child attains status, in law, of a natural child of the adopting parents." Estate of Ogden, 509 A.2d 1271, 1276 (Pa. Super. Ct. 1986). As a result of the adoption, under Pennsylvania law, the minors ceased as a matter of law to be the children of decedent and, legally, became the children of plaintiff. The court concludes that under Pennsylvania law the minors, who were adopted by Baldwin prior to Trent's death, are not considered the "children" of Trent, as set forth in the insurance policies, due to their adoption by Baldwin.

Because the minors were not the lawful children of Trent at the time of her death, they do not have a colorable claim to Trent's plan benefits as a result of this suit and it is unlikely that they will fulfill the policies' eligibility requirements in the future. Therefore, plaintiff on behalf of the minors lacks standing to bring suit on their behalf under 29 U.S.C. § 1132, and defendants' motions to dismiss must be granted.

*Conclusion*

For the reasons set forth above, the plaintiff lacks standing and this court does not have subject-matter jurisdiction over her claims.  The motions to dismiss must be granted.

By the court:


Dated:   March 16, 2010                                              /s/ JOY FLOWERS CONTI
                                                                                  Joy Flowers Conti
                                                                                  United States District Judge